# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL SCOTT,
        Plaintiff,

v.                                             Case No. 06-C-0384

MARQUETTE UNIVERSITY
DEPARTMENT OF PUBLIC SAFETY,
        Defendant.

## DECISION AND ORDER

Plaintiff Michael Scott, a state prisoner, lodged this pro se civil rights action pursuant to 42 U.S.C. § 1983. This matter comes before me on plaintiff's petition to proceed in forma pauperis.

### I. MOTION TO PROCEED IN FORMA PAUPERIS

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is required to pay the statutory filing fee of $250.00 for this action.[1] If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from plaintiff at the time the action is filed an initial partial filing fee of 20% of

---

[1] Plaintiff filed his complaint prior to April 9, 2006, when the filing fee for civil actions in the Eastern District of Wisconsin increased to $350.00.

the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[2]

In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner lacks the funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). Thus, plaintiff's motion for leave to proceed in forma pauperis will be granted.

## II. SCREENING

### A. Standard of Review

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully

---

[2] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

2

construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 [1957]). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

**B.    Facts and Background**

Plaintiff is currently incarcerated at Waupun Correctional Institution (WCI). (Complaint [Compl.] at 2). Defendant Marquette University Department of Public Safety (DPS) is located on the Marquette University campus in Milwaukee, Wisconsin. Id.

3

DPS worked with the Milwaukee Police Department (MPD) in conjunction with plaintiff's arrest and conviction of substantial battery, a Class H felony. Id. at 3. Plaintiff's claims primarily concern a DPS report prepared by Kenneth A. Simms, who is not a named defendant. (Compl. at 9-13). It appears that Simms is an employee of DPS, although the complaint does not explicitly state so. Id.

According to Simms' report, on March 21, 2005, "a suspect struck the victim with a closed fist." Id. at 4. Simms' report misspelled the name of witness Ahmad Khalid. Id. In addition, Simms recorded a description of plaintiff that was wrong as to plaintiff's age, weight and eye color. Id. Despite the inaccuracies in Simms' report, plaintiff was apprehended and forced to participate in a biased line-up. Id. Then, at approximately 2:35 p.m., plaintiff was arrested. Id.

Plaintiff claims that defendant DPS: (1) offered to escort the victim of the battery to the district attorney's office; and (2) held him hostage in a bogus lineup. Id. For relief, plaintiff asks for damages for false imprisonment, mistaken identity, conflict of interest and cruel and unusual punishment. Id. at 5.

**B.      Plaintiff's § 1983 Claims**

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

4

**1. Preliminary Matters**

Based on the averments set forth in the complaint, it is unclear whether DPS is a state actor. Generally, § 1983 claims apply only to persons acting under color of state law. Gomez, 446 U.S. at 640. However, a private citizen may become liable under § 1983 by conspiring with a public official to deprive someone of a constitutional right. Proffitt v. Ridgeway, 279 F.3d 503, 507 (7th Cir. 2002); see also Burrell v. City of Mattoon, 378 F.3d 642 (7th Cir. 2004) (a private defendant acts under color of state law when he is a willful participant in joint action with the state or its agents). Accordingly, plaintiff may proceed in this action on claims against DPS.

Next, although plaintiff charges that he entitled to damages for false imprisonment, mistaken identity, conflict of interest and cruel and unusual punishment, it is unclear whether he seeks to assert these claims against Kenneth Simms, DPS or both. Regardless, any § 1983 claims that plaintiff seeks to pursue against DPS based on Simms' actions must be dismissed because "[s]ection 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996); see also Pacelli v. DeVito, 972 F.2d 871, 877 (7th Cir. 1992)(§ 1983 does not create collective or vicarious responsibility). I will now address plaintiff's claims against DPS.

**2. Due Process Claims**

Plaintiff claims that there was a conflict of interest because DPS offered to escort the battery victim to the district attorney's office. From these allegations it appears that plaintiff is complaining that DPS's actions violated his rights under the Due Process Clause of the

5

Case 2:06-cv-00384-LA   Filed 01/09/07   Page 5 of 10   Document 15

Fourteenth Amendment, which prohibits a state from depriving "any person of life, liberty, or property, without due process of law."U.S. Const. amend. XIV. Before petitioner is entitled to Fourteenth Amendment due process protections, he must first have a protected liberty or property interest at stake. DeWalt v. Carter, 224 F.3d 607. 613 (7th Cir. 2000). Here, plaintiff has indicated that he was arrested (and subsequently denied his liberty). Although it is unclear at this point whether DPS' offer to escort the victim to the district attorney's office deprived plaintiff of the process he was due, I have been instructed to construe such a doubt in plaintiff's favor. Jenkins, 395 U.S. at 421. Thus, he may proceed on a due process claim.

   2.   **Fourth Amendment Claims**

Plaintiff contends that he is the victim of mistaken identity. I construe plaintiff's submission as a claim that he was arrested without probable cause. Under the Fourth Amendment, plaintiff enjoys a right to be free from arrest without probable cause. Beck v. Ohio, 379 U.S. 89, 91 (1964). Accordingly, plaintiff may proceed on this claim.[3] Further, plaintiff seeks to pursue a claim for false imprisonment. A false imprisonment claim is also cognizable under the Fourth Amendment. See Schertz v. Waupaca County, 875 F.2d 578, 582 (7th Cir. 1989). Thus, plaintiff may proceed on a Fourth Amendment claim that he was falsely imprisoned by DPS.

   4.   **Eighth Amendment Claim**

Plaintiff alleges that he has been subjected to cruel and unusual punishment in violation of the Eighth Amendment. As grounds for his claim, he relies on 10 U.S.C. § 855,

---

[3]It is unclear at this stage of the proceedings whether plaintiff's Fourth Amendment claims are barred pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), which provides that any § 1983 claim that implies the invalidity of a conviction or sentence, including a claim for damages, is not cognizable under § 1983 unless certain prerequisites have been met.

6

which prohibits cruel and unusual punishment in connection with military sentences. In the instant action, there is no indication that plaintiff is a member of the military. Thus, plaintiff may not proceed on such claim.

To the extent plaintiff seeks to proceed on a count that his rights under the Eighth Amendment were violated when DPS offered to escort the victim to the district attorney's office and held plaintiff hostage during a line-up, his claim must also be dismissed. Eighth Amendment scrutiny is only appropriate after a formal adjudication of guilt. Ingraham v. Wright, 430 U.S. 651, 671-72 n. 40 (1977). Where a plaintiff is suing for an incident which occurred after an arrest but before conviction, no Eighth Amendment claim is implicated. Id. Therefore, plaintiff has failed to state an Eighth Amendment claim.

**B.    State Law Claims**

In addition, pursuant to 28 U.S.C. § 1367(a), district courts have supplemental jurisdiction over state law claims that are "'so related to claims in the action within such original jurisdiction that they form part of the same case or controversy'" Jinks v. Richland County, South Carolina, 538 U.S. 456, 458-59 (2003) (quoting 28 U.S.C. § 1367(a)). Plaintiff also cites several state law provisions in support of his allegations.

First, plaintiff claims that there was a conflict of interest because DPS offered to escort the battery victim to the district attorney's office. In support of his proposition, plaintiff cites Wis. Stat. § 36.23, which prohibits the regents of the University of Wisconsin (UW) system from engaging in activity that may create a conflict of interest with the terms of that person's service. In this case, there is no indication that DPS is a UW regent. Moreover, Marquette University is not a member of the UW system. Thus, plaintiff may not proceed on this claim.

7

Next, plaintiff avers that he was falsely imprisoned by DPS in violation of Wis. Stat. § 940.30. Section 940.30 is a criminal provision. The Executive Branch has the "exclusive authority and absolute discretion to decide whether to prosecute cases." United States v. Nixon, 418 U.S. 683, 693 (1974). Accordingly, plaintiff may not proceed on such claim.

However, Wisconsin recognizes a state law claim for false imprisonment. As with the claims under §1983, such claims are contingent upon the absence of a lawful arrest. Maniaci v. Marquette University, 50 Wis. 2d 287, 295 (1971) (noting that a "'lawful' restraint does not constitute false imprisonment, though it may well constitute some other tort"). Thus, because plaintiff has also alleged that there was no probable cause for his arrest, he may also proceed on his state law false imprisonment claim.

### III. CONCLUSION

In sum, plaintiff may proceed on claims that DPS violated his rights under the Fourth and Fourteenth Amendments. He may also proceed on his state law claim for false imprisonment. However, his remaining claims will be dismissed as described herein.

**IT IS THEREFORE ORDERED** that plaintiff's motion to for leave to proceed in forma pauperis (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

8

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $250.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

9

Dated at Milwaukee, Wisconsin, this 8 day of January, 2007.

/s_____
LYNN ADELMAN
District Judge