# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL SCOTT,

    Plaintiff,

v.                                                                                Case No. 06-C-0384

MARQUETTE UNIVERSITY DEPARTMENT OF PUBLIC SAFETY,

    Defendant.

## DECISION AND ORDER

Plaintiff, Michael Scott, filed this pro se civil rights action under 42 U.S.C. § 1983. In a decision and order dated January 9, 2007, I allowed plaintiff to proceed in forma pauperis on several claims against the Marquette University Department of Public Safety, including a due process claim and false imprisonment claims under both the Fourth Amendment and state law. Before me now is defendant's motion for summary judgment.

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (emphasis deleted). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." Id. For the fact to be material, it must relate to a disputed matter that "might affect the outcome of the suit." Id.

Although summary judgment is a useful tool for isolating and terminating factually unsupported claims, Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986), courts should act with caution in granting summary judgment, Anderson, 477 U.S. at 255. When the evidence presented shows a dispute over facts that might affect the outcome of the suit under governing law, summary judgment must be denied. Id. at 248.

The moving party bears the initial burden of demonstrating that he is entitled to judgment as a matter of law. Celotex Corp., 477 U.S. at 323. Where the moving party seeks summary judgment on the ground that there is an absence of evidence to support the non-moving party's case, the moving party may satisfy his initial burden simply by pointing out the absence of evidence. Id. at 325. Once the moving party's initial burden is met, the nonmoving party must "go beyond the pleadings" and designate specific facts to support each element of the cause of action, showing a genuine issue for trial. Id. at 322-23. Neither party may rest on mere allegations or denials in the pleadings, Anderson, 477 U.S. at 248, or upon conclusory statements in affidavits, Palucki v. Sears, Roebuck & Co., 879 F.2d 1568, 1572 (7th Cir. 1989).

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, it is "not required to draw every conceivable inference from the record — only those inferences that are reasonable." Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991).

## II. FACTS[1]

On March 21, 2005, the Milwaukee Police Department (MPD) arrested plaintiff for the aggravated battery of Joseph J. Godfrey. Plaintiff alleges that defendant assisted MPD officers in his arrest. According to plaintiff's complaint, he dealt exclusively with Kenneth Simms, an employee of defendant. Plaintiff submits that Simms told Godfrey that defendant would escort him to the Milwaukee County District Attorney's office. Plaintiff also charges that Simms, MPD officers and defendant held him "hostage" for over two hours to place him in a "bogus" line up. (Compl. at 6.)

As a result of plaintiff's March 21, 2005, arrest, the State of Wisconsin initiated Milwaukee County Case No. 05-CF-001515. In Case No. 05-CF-001515, plaintiff was convicted after a jury trial of Aggravated Battery upon Joseph J. Godfrey. There is no evidence that plaintiff's conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

## III. ANALYSIS

Defendant contends that it is entitled to summary judgment because plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). Defendant also argues that

---

[1] The facts are taken from Defendant's Proposed Finding of Fact and the supporting affidavit and exhibits. Plaintiff has not filed a response to defendant's motion for summary judgment. However, plaintiff's complaint is sworn, and I will construe it as an affidavit at the summary judgment stage. Ford v. Wilson, 90 F.3d 245, 246 (7th Cir. 1996). The court also considers the exhibits to the complaint because they are "a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

plaintiff's claims lack personal involvement. Plaintiff filed no response to defendant's motion for summary judgment.[2]

The plaintiff alleges his rights under 42 U.S.C. § 1983 were violated. That section provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To prevail on a claim for violation of § 1983, the plaintiff must establish that: (1) he held a constitutionally protected right; (2) he was deprived of this right in violation of the constitution; (3) the defendants intentionally caused this deprivation; and (4) the defendants acted under color of [state] law. See McNabola v. Chi. Transit Auth., 10 F.3d 501, 513 (7th Cir. 1993) (citing Patrick v. Jasper County, 901 F.2d 561, 565 (7th Cir. 1990)). Additionally, to hold the defendant municipality liable under Section 1983, the plaintiff must demonstrate the constitutional deprivation was caused by "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by officers." Monell v. New York City Dep't of

---

[2] Plaintiff failed to file a timely response to defendant's motion for summary judgment. In an order dated November 7, 2008, I gave plaintiff until December 8, 2008 to respond to defendant's motion for summary judgment. Instead, plaintiff submitted a letter indicating that he was unable to respond because he does not know how to file motions and requesting the appointment of counsel and a trial. Twice before, I have denied plaintiff's motions for the appointment of counsel, finding that he was capable of litigating this case himself. I will again deny plaintiff's request for the appointment of counsel. Additionally, nothing in plaintiff's letter relieved him of the obligation to respond to defendant's motion for summary judgment. Yet he filed nothing. Accordingly, I will consider defendant's motion unopposed.

4

Case 2:06-cv-00384-LA   Filed 07/27/09   Page 4 of 7   Document 80

Social Servs., 436 U.S. 658, 690 (1978).  A municipality "can be held liable under Section 1983 for a single decision by municipal policy makers if the decision to adopt a particular course of action is directed by those who establish governmental policy." Yeksigian v. Nappi, 900 F.2d 101, 104 (7th Cir. 1990) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986).  In this case, the defendant is Marquette University Department of Public Safety.  It is not clear that Marquette University Department of Public Safety is a person acting under color of state law.

Marquette University is a private university, and the Department of Public Safety is its police force.  "The United States Supreme Court has explicitly left open the question of whether 'private police forces' may be considered stated actors." Scott v. Northwestern University School of Law, Case No. 98C6614, 1999 WL 134059, *3 (N.D. Ill. Mar. 8, 1999) (citing Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 163 (1978)).  In Scott, the court determined, based on Illinois state law and evidence submitted by the parties, that Northwestern University's police force could act under the color of state law for purposes of § 1983.  Scott, 1999 WL 134059 at *6.  Because the parties have not briefed this issue, I do not have the evidence before me that would be required to make such a determination regarding Marquette University's Department of Public Safety.  Therefore, for the purposes of this motion, I will assume that defendant could act under the color of state law for the purposes of § 1983.

Assuming for the purposes of summary judgment that defendant is a state actor, defendant is most like a police department, which is not a suable entity under § 1983. Chan v. Wodnicki,123 F.3d 1005, 1007 (7th Cir. 1997); West v. Waymire, 114 F.3d 646, 646-47 (7th Cir. 1997).  However, even if I treat defendant as a municipality, to hold a defendant

5

municipality liable under Section 1983, the plaintiff must demonstrate the constitutional deprivation was caused by "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by officers." Monell, 436 U.S. at 690. The liability of a municipal or corporate entity can be established either by showing that the entity maintains a bad policy or that the entity's actual practice shows that the entity encouraged or condoned the misconduct of subordinates. Woodward v. Corr. Med. Servs. Of Ill., Inc., 368 F.3d 917, 927 (7th Cir. 2004). "The official policy requirement for liability under § 1983 is to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." Grieveson v. Anderson, 538 F.3d 763, 771 (7th Cir. 2008) (internal quotations omitted).

"In order to survive summary judgment on a § 1983 official-capacity claim, the plaintiff must present evidence demonstrating the existence of an 'official policy, widespread custom, or deliberate act of a county decision-maker of the municipality or department'." Id. (quoting Wagner v. Washington County, 493 F.3d 833, 836 (7th Cir. 2007)). Further, plaintiff must show that the official policy or custom was either the cause or the moving force behind the alleged constitutional violation. Grieveson, 538 F.3d at 771. In this case, plaintiff has done neither.

There is no indication from either plaintiff's complaint or the attached exhibits that anyone from the Marquette University Department of Public Safety, other than Kenneth Simms, had any involvement with plaintiff or the investigation of the incident on March 21, 2005. The only personal involvement alleged in plaintiff's complaint is by Simms, who was not named as a defendant in this action. In the screening order in this case, I specifically advised plaintiff that any § 1983 claims he sought to pursue based on Simms' actions were

6

dismissed because § 1983 requires personal involvement and Simms was not a defendant. Based on the liberal construction of a plaintiff's complaint at screening, I allowed plaintiff to proceed on several claims against defendant. However, plaintiff has not developed his claims any further. The bare allegations of plaintiff's complaint are insufficient to attach personal liability to anyone else at the Marquette University Department of Public Safety, or to the defendant itself due to a custom or policy. Consequently, I will grant summary judgment in favor of defendant.[3]

## IV. CONCLUSION

**For the foregoing reasons,**

**IT IS ORDERED** that defendant's motion for summary judgment (Docket #63) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment dismissing plaintiff's claims and this action.

Dated at Milwaukee, Wisconsin, this 27 day of July, 2009.

/s
LYNN ADELMAN
District Judge

---

[3] Because my decision on the issue of personal involvement resolves this case, I need not consider whether plaintiff's claims would have been barred by Heck.